UNITED STATES BANKRUPTCY COURT
IN THE WESTERN DISTRICT OF MICHIGAN


In re:

DELLA I. HODGE,                                     Case No.: HK 12-08805
                                                    Chapter 7
            Debtor.                                 Hon. Scott W. Dales
_____/


MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge


Chapter 7 trustee Thomas C. Richardson (the "Trustee") filed a Motion to Compel Turnover of Non-Exempt Assets (the "Motion," DN 36), seeking $9,698.90 from Della I. Hodge (the "Debtor" or "Ms. Hodge").  The Debtor filed a response (the "Response," DN 38) in which she agrees to remit a portion of the funds the Trustee seeks, but not the entire sum.

The court held a hearing to consider the Motion and the Response on March 13, 2014 in Kalamazoo, Michigan.  Both parties appeared through counsel.  After determining that there were no relevant facts in dispute, and after brief oral argument, the court took the matter under advisement.  For the following reasons, the court will grant the Motion.

Ms. Hodge agrees to remit $2,290.06, representing non-exempt cash ($50.00), petition date balance in a deposit account ($16.56), jewelry ($1,475.00), and a whole life policy ($748.50).  In her Response, however, she challenges the Trustee's demand for turnover of $7,208.84 that she received shortly after filing her chapter 7 petition on account of a prepetition insurance policy on her father's life. Unfortunately, her father died within days after she filed her bankruptcy petition, and as beneficiary she admittedly received $7,208.84 in insurance proceeds

(the "Proceeds") within 180 days after filing.  She says she and her mother used the Proceeds, post-petition, to bury her father.[1]

The 180 day period at issue in this Motion comes from § 541(a)(5),[2] upon which the Trustee principally relies to bring the Proceeds within the bankruptcy estate:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> . . .
>
> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
>
> . . .
>
> > (C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. § 541(a)(5).  Initially, in her Response, Debtor argued that she was the owner of the insurance policy —an argument that would undercut the Trustee's reliance on § 541(a)(5).  *See, e.g., In re Walters*, 14 B.R. 92, 94-95 (Bankr. S.D. W.Va. 1981) (insurance proceeds received by owner of the policy are not within the scope of § 541(a)(5)).  Presumably, if a debtor is an owner of a prepetition insurance policy and receives a death benefit within the 180 day period, she receives the proceeds on account of her prepetition ownership of the policy, and does not acquire or become entitled to acquire the property postpetition (*i.e.*, during the 180 day window).  In

---

[1] The fact that Ms. Hodge is no longer in possession of the Proceeds does not preclude the Trustee's recovery. *See In re Fleming*,  424 B.R. 795, 804 (Bankr. W.D. Mich. 2010) (citing *Beaman v. Vandeventer Black, LLP (In re Shearin)*, 224 F.3d 353, 356–57 (4th Cir.2000)). If she had possession or control of estate property at any point "during the case," and if that property is usable and not inconsequential, she must turnover or account for it or its value, regardless of whether she spent it or no longer possesses or controls it. 11 U.S.C. § 542(a).

[2] In this Memorandum, statutory references shall be to title 11 of the United States Code except as otherwise indicated.

other words, § 541(a)(5) applies only to interests that a debtor acquires or becomes entitled to acquire postpetition, not to proceeds of prepetition property.[3]

The Debtor's Schedule B, however, lists only the whole life policy (which is no longer in dispute), undercutting the suggestion in the Response that the Debtor owned the life insurance policy on the petition date. And, by the time of the oral argument on the Motion, Debtor's counsel had determined, and candidly admitted, that the Debtor's deceased father was, in fact, the owner of the policy. Because this revelation brings the Proceeds squarely within the scope of § 541(a)(5), the Trustee is entitled to an order compelling the Debtor to turnover or account for the funds under § 542.

The court reaches this conclusion despite the suggestion that the Debtor intended to be the owner of the policy (rather than just the beneficiary), that she procured the policy, and paid the premiums. If the Debtor had been the owner of the policy as she believed when she filed the Response, the result would be no different: her interest in the policy would be included in the estate under § 541(a)(1), the Proceeds would be included under § 541(a)(6), and the Debtor would still be required to obey the turnover provisions of § 542. As it turns out, at the commencement of the case, her interest in the life insurance policy was only that of a beneficiary—precisely the sort of unvested interest included within the estate under § 541(a)(5)(C) rather than (a)(1) or (a)(6).

This result may seem harsh, particularly because the Debtor understandably used the Proceeds to give her father a proper burial. The fortuity and timing of her father's passing, and the perfectly natural response to her family's needs, may make the court's decision today difficult for the Debtor or an empathetic observer to accept.

---

[3] When a debtor acquires or becomes entitled to acquire life insurance proceeds within the 180 day period in § 541(a)(5), she must promptly amend her schedules. *See* Fed. R. Bankr. P. 1007(h).

The decision may seem less cold or legalistic, however, if one accepts the court's premise that the Debtor paid her father's final expenses using property that belonged to someone else. The only reason any of us has any property rights at all is that our laws create and define those rights according to a predetermined and predictable set of rules. When a person seeks relief under the Bankruptcy Code, those rules include § 541(a), which unequivocally tells us that the Proceeds were included in the bankruptcy estate when the Debtor spent them postpetition. The court's decision simply honors the fundamental principal that one person generally may not use another's property without permission. Wittingly or unwittingly, the Debtor did so in this case, and she must account to the estate and her creditors.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 36) is GRANTED.

IT IS FURTHER ORDERED that the Debtor shall remit to the Trustee the sum of $9,698.90 within 28 days after entry of this Order.

IT IS FURTHER ORDERED that the Clerk shall serve this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Cody Knight, Esq., Nicholas Daly, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 14, 2014**



Scott W. Dales
United States Bankruptcy Judge